**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**TARIQ L. BELT,** )<br>(a/k/a Tye LABon Ali) )<br>Fed. Inmate No. 40945-037 )<br>)<br>*Defendant.* )<br>_____ ) | **Civil Action No:** _____ |

# COMPLAINT

Plaintiff, the United States of America, by its undersigned attorneys, brings this action for declaratory and injunctive relief, and alleges as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, the United States of America, brings this action to protect its interest in having its officers and employees perform their duties and functions free from the threats to their property and financial security posed by Defendant's filing of baseless financing statements and pleadings which allege entry into security agreements under the Uniform Commercial Code (UCC) and default on such agreements.

4. Tariq L. Belt, also known as Tye LaBon Ali, entered guilty plea to Conspiracy with

Intent to Distribute and Possession with Intent to Distribute Cocaine after being indicted in 2003 and 2006. (Cases WDQ-03-376, WDQ-05-549). On December 8, 2005, he was sentenced in case No. 03-376, to a 212 month term of imprisonment. On February 27, 2006, he was sentenced in case No. 05-549 to one year, to be served consecutive to the sentence imposed in 03-376. Belt is currently incarcerated in Allenwood Federal Correctional Institution in Pennsylvania.

## FACTS

5. Assistant United States Attorneys Christopher Romano and Jane Erisman prosecuted the case on behalf of the United States. The names of former U.S. Attorney Thomas M. DiBiagio and current U.S. Attorney Rod J. Rosenstein appeared on the dockets. Judge Quarles presided over both criminal cases, and Magistrate Judge Grimm reviewed Belt's Bond and conditions of release. Belt has also addressed correspondence to U.S. Attorney's Office Criminal Chief Barbara Sale, Chief Magistrate Judge Gesner, and Chief Judge Legg.

6. This civil action arises out of Belt's improper filing of documents purporting to be UCC financing statements, notices of breach of security agreements, and notices of default against the presiding federal judge, two Magistrate Judges, two Assistant U.S. Attorneys (AUSAs), the United States Attorney, and DEA case agents, involved in the criminal prosecution and conviction of Belt as well as against the Clerk of Court of the United States District Court for the District of Maryland.

7. In November 2006, Belt filed a UCC Financing Statement with the Maryland Department of Assessments and Taxation purporting to create a security interest in his name Tariq Belt, as well as a trade name "Tye LaBon Ali." The "organizational ID" provided in these financing

statements was his own social security number.

8.  In August 2007, Belt filed an "Amended" UCC Financing Statement. The filing contains a notice that Belt has sole ownership and property interest in his name and trade name, and that any unauthorized use or misuse of either will result in damages of $50,000, "due immediately upon use with or without demand notice, invoice of immediate collection." These documents are notarized, and appear to have also been filed with the Circuit Court for Anne Arundel County. Among the documents contained in the Amended UCC filing is a "declaration of Sovereign Moorish Nationality."

9.  In February 2008, Belt filed a second UCC Financing Statement with the Maryland State Department of Assessments and Taxation and attached a Copyright notice, indicating that Tariq Belt, and his name, title, photos, fingerprints and DNA could not be used without the express permission and prior approval of Tye LaBon Ali. The filing also contains a notice of default directed to Belt's former attorney, Emile Henault and his wife, Jacinda Belt. Within these documents, Belt also begins to refer to himself as "Lord Noble, Tye LaBon Ali."

10. Pursuant to what was considered a non-discretionary duty imposed by state law, employees of the Maryland State Department of Assessments and Taxation filed the documents described in paragraphs 7-9 in a record system used for legitimate financial statements perfecting security interests securing commercial contracts.

11. To the extent that they are comprehensible, the financing statements issued by Belt are baseless and supported by no law, fact, or judgment. These documents impose no proper liability upon any of the individuals or entities or upon any of their property or assets.

12.     Since 2007, Belt has filed civil actions, and directed correspondence to various Judges, Magistrate Judges and prosecutors claiming a security agreement exists pursuant to these UCC financing statements, that such agreement has been breached, and that the failure of those named to respond constitutes default, entitling him to multimillion dollar judgments against them.

13.     The Judges, Magistrate Judges, prosecutors, law enforcement agents, and Clerk of Court are not indebted to Belt in any manner, and have never entered into any security agreement with him.

14.     Based on the number and nature of these documents, Belt clearly contemplated that the filing of these fraudulent claims would cause some actual harm or injury to the alleged "debtors" or intimidate them.

15.     Irreparable harm exists in that the recording and filing of these false and fraudulent financing statements and alleged defaults against federal employees in state record offices may hinder the ability of the alleged "debtors" to perform sales or transfers or obtain financing.

16.     The filing of these documents may also have the effect of intimidating or confusing the alleged "debtors" or of otherwise interfering with the discharge of their official duties, thus damaging the United States, its interests, and the public interest.

17.     Because of the above-referenced pattern of activity, particularly the repeated filing of actions and sending of threatening correspondence to those involved in legal proceedings with Belt, any federal employees involved with this action and any future actions, civil or criminal, involving Belt may have reason to believe that such discharge of their federal duties could result in Belt's filing of fraudulent or false statements or actions against them.

18. On information and belief, unless restrained, Belt will continue to file baseless actions and send similar threatening correspondence in the future.

19. Plaintiff has no adequate remedy at law against the prospect of repeated abuse of state and judicial process.

20. There may be other present or former federal employees who have had false or fraudulent actions filed against them, their assets or property by or on behalf of Belt; their interests, too, should be protected.

21. Belt's actions have been continuous, since his incarceration, up to an including actions and correspondence filed and sent as recently as September and October of 2010. The repeated and unabated nature of these actions underscores the need for broad declaratory and injunctive relief to anticipate various forms of potential further bogus and frivolous filings.

## **PRAYER FOR RELIEF**

The Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, provides that a Court may declare the rights and other legal relations of interested parties, and may grant further necessary or proper relief. Plaintiff prays:

A. That the Court declare that more than three similar frivolous actions have previously been filed and dismissed, and therefore, Belt shall be prohibited from filing of any further civil lawsuits *in forma pauperis* in any federal court under 28 U.S.C. §1915(g);

B. That the Court enter an order that all non-vested good time credits of Tariq L. Belt have been revoked;

C. That this Court direct that all financing statements filed by or on behalf of Belt be

declared null, void, and of no legal effect.

  D. That, pursuant to Fed. R. Civ. P. 65, this Court permanently enjoin Belt, his agents, servants, employees, attorneys, and all those in concert with him from filing or sending any financing statements, liens, pleadings or correspondence to any federal employee or former employee. Such injunction should embrace any trust or other entity related to Belt or other form of name used by or on behalf of Belt.

  E. That this Court grant to Plaintiff such other relief as it may deem just and proper.

          Respectfully submitted,

          Rod J. Rosenstein
          United States Attorney

October 18, 2010    By:  ___/s/_____
          Ariana Wright Arnold
          Assistant United States Attorney
          Md Federal Bar No. 23000
          36 South Charles Street, 4th Floor
          Baltimore, Maryland 21201
          Tel: 410-209-4800
          ArianaArnold@usdoj.gov